JOSEPH H. GARDNER *vs.* OLIVER A. GAGER & another.

Proof that a note was transferred to the plaintiff by the indorsee, in violation of *St.* 1855, *c.* 213, which makes it criminal to dispose of collateral security before maturity of the debt secured, without authority, will not defeat an action against the maker and indorser; and proof that the holder received it as collateral security for another debt which matured at a later date, from brokers who informed him at the time that at or before its maturity they would wish to change it, and substitute other security for it, is not sufficient to put him on inquiry as to their title to it.

CONTRACT on a promissory note signed by the defendant, Gager, payable to the United States Pottery Co., and indorsed by that company in blank.   At the trial in˙the superior court, a

verdict was rendered for the plaintiff, and the defendants alleged exceptions. The material facts are stated in the opinion.

*G. E. Betton,* for the defendants.

*T. Willey,* for the plaintiff.

CHAPMAN, J. The note in suit was delivered to Harris, Cowles & Co., as collateral security for a loan of $5000 which they had made to the defendant Gager. The debt had not become due when they transferred the note to the plaintiff; and it is admitted that this transfer by them was contrary to *St.* 1855, *c.* 213, which provides that if any person who shall hold any collateral security deposited with him for the payment of any debt which may be due to him, shall, before such debt shall have become due and payable, and without the authority of the party who shall have deposited with him such collateral security, sell, pledge, loan, or in any way dispose of the same, he shall be deemed to be guilty of a criminal offence, and shall be punished by fine or imprisonment.

The defendants contend that, because the act of Harris, Cowles & Co. was criminal, in making the transfer, the plaintiff's title to the note is not valid. But the statute makes no provision that the title of an innocent indorsee of negotiable paper shall be affected by the fraudulent transfer; and therefore the law must be regarded as unchanged in this respect. Such a party is not affected by the fraud of a prior holder.

It is next contended that the plaintiff took the note under suspicious circumstances, that were sufficient to put him upon inquiry in regard to the title of Harris, Cowles & Co., and that therefore he took it subject to all the equitable rights of the defendants. Two circumstances are relied upon. The first is, that he knew that Harris, Cowles & Co. were brokers. But there is no ground to presume or suspect that, merely because a man is a broker, he has no negotiable paper in his hands except such as he holds as collateral security, and has no right to transfer. The next circumstance is that, when they transferred the note to the plaintiff, they stated to him that at or before its maturity they would wish to change it and substitute other security. It is said that this request indicated that they had no

right to transfer it. But they borrowed of the plaintiff only $750, which was payable in six months from September 19 1857. This note was for $1000, and was payable in six months from July 23 1857, nearly two months earlier. The request would therefore indicate that they owned the note, and desired to collect it and use the money at its maturity. At least it did not indicate the contrary.

It is also contended that the note, being transferred to the plaintiff as collateral security for a loan of $750, he has not the rights of an innocent indorsee, because such a transfer is not in the ordinary course of business. But in the case of *Chicopee Bank* v. *Chapin*, 8 Met. 40, it was decided that the transfer of a negotiable note as collateral is in the ordinary course of business, and that the holder takes it free from equities between prior parties, to the extent of his claim.

In reference to this state of the evidence the court ruled correctly that, if the plaintiff received the note before maturity, for good consideration, *bona fide*, from Harris, Cowles & Co., without actual knowledge on his part that they held it as collateral security, the plaintiff might recover the amount actually lent by him of $750 and interest. The questions that might have arisen if there had been any suspicious circumstances proved, it is not necessary to decide or discuss. *Exceptions overruled*